**INTERNATIONAL BUSINESS MACHINES CORPORATION, Petitioner/Cross–Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent/Cross–Petitioner,**

**Communications Workers of America, AFL–CIO, Local 1120, Intervener.**

**Docket Nos. 01–4016(L), 01–4052(XAP).**

United States Court of Appeals, Second Circuit.

March 22, 2002.

Charles Cohen Morgan, Lewis & Bocki-us, LLP, New York, NY, for Petitioner.

Fred Jacob, National Labor Relations Board, Washington, DC, for Respondent.

Present McLAUGHLIN, PARKER and POOLER, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HERE-BY ORDERED, ADJUDGED AND DE-CREED that the petition for review is DENIED and the petition for enforcement is GRANTED.

Before us is a petition of International Business Machines Corporation ("IBM") for review and a cross-application of the National Labor Relations Board ("NLRB" or the "Board") for enforcement of a January 31, 2001 Decision and Order adopting the rulings, findings, conclusions and recommended order of Administrative Law Judge ("ALJ") Raymond P. Green. *See IBM & Communications Workers of America, Local 1120, AFL–CIO,* 333 NLRB No. 26, 2001 WL 114159 (Jan. 31, 2001). We have jurisdiction under 29 U.S.C. §§ 160(e) (application for enforcement) and (f) (petition for review).

We assume familiarity with the factual findings below. Essentially, IBM has a long-standing rule prohibiting employees from having signs on their vehicles in IBM parking lots "when in the judgment of the facility's manager, the prominence, size, etc., of the sign indicates the vehicle is being used for commercial solicitation or advertising." Two IBM employees, Peter Plavchan and Bill Costine, displayed pro-union signs from their vehicles. Initially, security guards, and subsequently, their supervisors informed Plavchan and Costine that further display of the signs would violate IBM policy. After finding out from his supervisor that further display of his sign would not lead to dismissal, Costine continued to display his sign as a sunscreen in his car without further incident. Neither Plavchan nor Costine was disciplined in any manner, although IBM reserves its right to discipline employees who violate its rule.

The employees' prospective Union, Communications Workers of America, brought a charge of unfair labor practices against IBM before the NLRB. The NLRB designated an administrative law judge, who recommended issuance of a cease and desist order. The Board affirmed the ALJ, concluding that IBM violated its employees' rights under Section 7 of the National Labor Relations Act, 29 U.S.C. § 157, by committing an unfair labor practice. The Board issued a cease-and-desist order prohibiting IBM from (1) maintaining the rule "to the extent that it would preclude its employees from displaying signs supporting" their union; (2) "telling employees that the display of large signs on their cars in company parking lots in support of a union, constitutes a violation of company policy;" and (3) otherwise "interfering with, restraining, or coercing employees in the rights guaranteed them by Section 7 ...." *Id.* at *14.

In *United Technologies,* we held that "any restriction of employees' on-premises communication in nonworking areas during nonworking hours 'must be presumed to be an unreasonable impediment to self-organization ... in the absence of evidence that special circumstances make the rule necessary.'" *District Lodge 91, Int'l Ass'n of Machinists v. NLRB ("United Technologies"),* 814 F.2d 876, 880 (2d Cir.1987)(quoting *Republic Aviation Corp.*

*v. NLRB*, 324 U.S. 793, 803–04 & n. 10, 65 S.Ct. 982, 89 L.Ed. 1372 (1945)(internal quotation marks omitted)), vacating and remanding *United Technologies Corp.*, 279 NLRB 973 (1986). In light of this rebuttable presumption of unreasonableness, the Board and the courts have consistently imposed on employers the burden of proving "special circumstances," *i.e.*, that the restriction is necessary to protect "legitimate, recognized managerial interests," such as maintaining production, discipline, safety, or otherwise preventing disruption of company operations. 814 F.2d at 880 (citations omitted). In this case, the Board concluded that IBM failed to present sufficient evidence that restricting pro-union signs in its parking lots is justified by "special circumstances" such as safety or corporate image concerns. Based on our review of the record, we believe the Board's conclusion is supported by substantial evidence and therefore affirm.

We find that the problem here is not IBM's rule in itself, but rather the manner in which it was applied. On its face, the rule only bans signs used for commercial solicitation or advertising. The pro-union posters at issue in this case do not fall within the reach of the rule. Thus, the NLRB's cease-and-desist order is perfectly reasonable because it only addresses IBM's *extension* of its rule to restrict employees' display of union posters. IBM has failed to present evidence sufficient to show that extending its rule from "commercial solicitation or advertising" to union solicitations is justified by "special circumstances." *See generally United Technologies*, 814 F.2d 876.

Accordingly, we deny IBM's petition for review and grant the NLRB's cross-application for enforcement of its order.